UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re CECILIO LARA ROMERO,

    Petitioner,

_____/

No. C 15-5324 MEJ (PR)

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Dkt. No. 6

    Petitioner, a prisoner currently incarcerated at the Taft Modified Community Correctional Facility, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a conviction from Contra Costa County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

    According to the petition, Petitioner was found guilty of unspecified crimes, and, on or about August 31, 2012, Petitioner was sentenced to jail. Docket No. 5 ("Pet.") at 2–3. Petitioner does not specify the length of his sentence. Id. at 2. Petitioner appealed his conviction and sentence, and the California Court of Appeal affirmed the conviction and sentence in 2013. Id. at 3. On November 20, 2015, Petitioner filed a letter with this Court. Docket No. 1. That same day, the Clerk of the Court informed Petitioner that he should submit his petition for a writ of habeas corpus on the proper form. Docket No. 2. On February 10, 2105, Petitioner filed the instant federal habeas petition. Docket No. 5.

## DISCUSSION

    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c); see Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (exhaustion requires that prisoner fairly present his claim in each appropriate state court, including a state supreme court with powers of discretionary review). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3–5 (1981).

Petitioner lists numerous grounds for federal habeas relief. Pet. at 5–7. However, according to the petition, Petitioner has not presented any of these claims to the California Supreme Court. In other words, he has not invoked a complete round of California's established appellate review process. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (holding that California law requires presentation of claims to the California Supreme Court through petition for discretionary review in order to exhaust state court remedies) (relying on Cal. R. Ct. 28(b) (1999), which was renumbered Rule 8.500 and amended in 2007, but still provides that the California Supreme Court has the discretion to review decisions issued by the California Court of Appeal). The instant petition is therefore subject to dismissal for failure to exhaust state remedies. Rose, 455 U.S. at 522 (requiring that all claims in a federal habeas petition be exhausted).

Petitioner may avoid dismissal if he can show that he is entitled to a stay of the action. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines v. Webber, 544 U.S. 269, 277–78 (2005)). A federal court may stay a petition that raises only unexhausted claims. Mena v. Long, No. 14-55102, 2016 WL 62540516, *1 (9th Cir. Feb. 17, 2016). A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court;" the claims are not meritless; and there were no intentionally dilatory litigation tactics by the petitioner. Rhines, 544 U.S. at 277–78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278. If Petitioner moves for a stay, he must show that he satisfies the Rhines criteria. The Rhines Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

In addition, it appears that the instant petition may be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action

3

was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the instant action, Petitioner reports that the California Court of Appeal affirmed his conviction and sentence in 2013. Pet. at 3. Petitioner could seek review of the California Court of Appeal decision by serving and filing a petition for review within ten days after the California Court of Appeal's decision became final, Cal. R. Ct. 8.500(e)(1), but did not do so. At the latest, Petitioner's judgment became final in early 2014. The instant action was commenced on November 20, 2015, and is possibly untimely, unless Petitioner is entitled to either delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D),[1] or equitable tolling of the limitations period, Holland v. Florida, 560 U.S. 631, 645 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (quoting Pace, 544 U.S. at 418)).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Within thirty (30) days of the date of this order, Petitioner must show cause why this federal habeas action should not be dismissed either for failing to exhaust his claims

---

[1] The exceptions to the statute of limitations set forth in Section 2244(d)(1)(B)-(D) require claim-by-claim consideration and allow for delayed commencement of the limitations period where the delay in presenting the claim was due to governmental interference, § 2244(d)(1)(B); where the claim was based on a constitutional right newly recognized by the Supreme Court and made retroactive, § 2244(d)(1)(C); or where the factual predicate of the claim could not have been discovered earlier, § 2244(d)(1)(D).

4

before filing suit, or for being untimely.  If Petitioner seeks to stay and abey this action, he must, within thirty (30) days of the date of this order, file a motion for a stay in which he explains why he failed to exhaust his claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.  If Petitioner fails to respond in accordance with this order, the action will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

2. The application to proceed in forma pauperis (Dkt. No. 6) is GRANTED. This order terminates Docket No. 6.

IT IS SO ORDERED.

DATED: April 12, 2016

Maria-Elena James
United States Magistrate Judge

5