UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CECILIO LARA ROMERO,<br><br>Petitioner | Case No.  15-cv-05324 MEJ<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

**INTRODUCTION**

Petitioner, a prisoner currently incarcerated at the Taft Modified Community Correctional Facility, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a conviction from Contra Costa County Superior Court.  For the reasons set forth below, this petition is DISMISSED for failure to prosecute.

**DISCUSSION**

According to the petition, Petitioner was found guilty of unspecified crimes, and, on or about August 31, 2012, Petitioner was sentenced to jail.  Docket No. 5 ("Pet.") at 1–2.  Petitioner does not specify the length of his sentence.  Id. at 1.  Petitioner appealed his conviction and sentence, and the California Court of Appeal affirmed the conviction and sentence in 2013.  Id. at 2–3.

On November 20, 2015, Petitioner filed a letter with this Court.  Docket No. 1.  That same day, the Clerk of the Court informed Petitioner that he should submit his petition for a writ of habeas corpus on the proper form.  Docket No. 2.  On February 10, 2105, Petitioner filed the instant federal habeas petition.  Docket No. 5.

United States District Court
Northern District of California

1   On April 12, 2016, the Court issued an order directing Petitioner to show cause by May 12,

2   2016, why the petition should not be either (1) dismissed for failure to exhaust the claims in state

3   court, as required by 28 U.S.C. § 2254(b)-(c), see 28 U.S.C. § 2254(b)-(c) (prisoners in state

4   custody who wish to challenge collaterally in federal habeas proceedings either the fact or length

5   of their confinement are first required to exhaust state judicial remedies, either on direct appeal or

6   through collateral proceedings, by presenting the highest state court available with a fair

7   opportunity to rule on the merits of each and every claim they seek to raise in federal court); see

8   also Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas

9   petition must be exhausted); or dismissed as untimely, pursuant to 28 U.S.C. § 2244(d)(1).

10   Docket No. 9.  Plaintiff was cautioned that if he failed to respond in accordance with this order,

11   the action would be dismissed under Federal Rule of Civil Procedure 41(b) for failure to

12   prosecute.  Id. at 5.  The deadline has passed, and Plaintiff has failed to file any responsive

13   pleading, or otherwise communicate with the Court.  Accordingly, this case is DISMISSED

14   without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**CONCLUSION**

16   For the reasons set forth above, the Court **DISMISSES** this action **WITHOUT**

17   **PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and order.

18   **IT IS SO ORDERED.**

20   Dated:  May 23, 2016

_____

MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

2